UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                       NO. 19-1435

JAVIER K. DAVIDSON                           SECTION M (3)

## ORDER & REASONS

Before the Court is a motion filed by defendant Javar K. Davidson to set aside judgment and for permission to file opposition to motion for summary judgment.[1]  The United States of America opposes the motion and seeks entry of final judgment under Federal Rule of Civil Procedure 58(a).[2]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Davidson's motion. The Court will enter judgment against Davidson in due course.

## I.  BACKGROUND

This case involves a student-loan promissory note executed on June 27, 2005.[3]  Davidson defaulted on the promissory note.  In this suit, Davidson has not disputed the debt or the authenticity of the note.[4]

On August 7, 2020, the government filed a motion for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure seeking a money judgment on this defaulted promissory note owed to the United States.[5]  In its motion, the government provided evidence establishing that Davidson signed the note, the United States is the correct holder of the note, and

---

[1] R. Doc. 27.
[2] R. Doc. 28 at 5-6.
[3] R. Doc. 22-2 at 1.
[4] R. Doc. 22-3 at 4.  Even in the present motion, Davidson does not include the debt or the authenticity of the note as disputed facts.  R. Doc. 27-3 at 2.
[5] R. Doc. 22.

the note is in default.[6]  On August 20, 2020, the government filed a supplemental memorandum[7] in support of the summary-judgment motion in order to correct an error in the calculation of interest in the original motion.  The correction resulted in a reduction of the amount of prejudgment interest sought to be imposed.[8]

On August 24, 2020, this Court issued an Order & Reasons granting the unopposed motion for summary judgment because it appeared to the Court to have merit.[9]  The next day, August 25, 2020, Davidson filed the present motion.[10]

## II.    PENDING MOTION

Davidson moves to set aside judgment and for permission to file his opposition to the government's motion for summary judgment.  While he acknowledges that the Court considered the merits of the motion in granting summary judgment, he nevertheless argues that a motion for summary judgment should not be granted simply because it was unopposed.[11]  With his motion, Davidson submits an opposition to the government's motion for summary judgment in which he asserts that summary judgment is premature as he is entitled to additional time for discovery under Federal Rule of Civil Procedure 56(d).[12]  Specifically, he says he needs information on the government's calculation of interest, which he believes is excessive.[13]

The government argues that Davidson's motion to set aside judgment should be considered under Federal Rule of Civil Procedure 59 which would require the showing of a

---

[6] R. Docs. 1-1; 22-3 at 1-2; 22-4 at 2-5.

[7] R. Doc. 25.

[8] The government noted the suspension of the accrual of interest on federal student loans under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136 §3513(b).  R. Doc. 25.  The amount of interest that correlated with the period of suspension, which began on March 13, 2020, was deducted from the previously calculated amount sought to be imposed.

[9] R. Doc. 26.

[10] R. Doc. 27

[11] R. Doc. 27-1 at 2-3.

[12] R. Doc. 27-3 at 3-4.

[13] Id.

mistake of law or fact or newly discovered evidence.[14]  It asserts Davidson has not met this high

burden to be entitled to relief.  The government also contends that Davidson has not made the

necessary showing for a Rule 56(d) deferral to allow for additional discovery.[15]  It argues that

Davidson's request for discovery regarding the calculation of interest is unnecessary since

Davidson already has the documents explaining how interest on his note was calculated.

## III.   LAW & ANALYSIS

### A.  Reconsideration Standard

Davidson's motion to set aside judgment and for permission to file his opposition to

motion for summary judgment is properly construed as a motion for reconsideration of an

interlocutory order as no final judgment has been entered in this case.   Motions for

reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil

Procedure, which provides in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all
> the claims or the rights and liabilities of fewer than all the parties does not end the
> action as to any of the claims or parties and may be revised at any time before the
> entry of a judgment adjudicating all the claims and all the parties' rights and
> liabilities.

Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it

deems sufficient, even in the absence of new evidence or an intervening change in or

clarification of the substantive law."  *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir.

2017).  Unlike motions to alter or amend a judgment under Rule 59(e), "Rule 54(b)'s approach to

the interlocutory presentation of new arguments as the case evolves can be more flexible,

reflecting 'the inherent power of the rendering district court to afford such relief from

interlocutory judgments as justice requires.'"  *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12,

---

[14] R. Doc. 28 at 3.
[15] *Id.* at 4-5.

25-26 (D.C. Cir. 2015)) (internal citations and quotations omitted).  However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays.  *See Calpeco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("[If] the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] … the cycle of reconsideration would be never-ending."); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("[A]lthough a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time.") (emphasis in original; alterations, internal quotation marks, and citation omitted); 18B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4478.1 (3d ed. 2019).

## B. Analysis

Davidson failed to timely oppose the government's motion for summary judgment.[16] Although the motion was unopposed, the Court took pains to consider its merits before granting it.  Only then, six days late, did Davidson file his present motion, which is an attempt to remedy his failure to timely file an opposition.

Even if this Court considers the opposition appended to Davidson's motion,[17] the arguments presented do not warrant reconsidering this Court's previous order.  The government has proven its entitlement to a judgment based on the defaulted promissory note.  Even now, Davidson does not contest the debt or the authenticity of the promissory note.  To recover on this note, the government was required to "show (1) the defendant signed it, (2) the government is the

---

[16] R. Doc. 26.
[17] R. Doc. 27-3.

present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993)).  The government did so, demonstrating that Davidson signed the note,[18] the government owns the note,[19] and the note is in default.[20]  Therefore, the government is entitled to a money judgment for the amount owed.

Davidson does not dispute this, but rather, only questions what amount is owed – actually, just the amount of interest owed.[21]  Davidson asks for more time to conduct discovery into this question, urging that the claimed interest is excessive but without bothering to explain why.  Davidson's request for additional time for discovery under Rule 56(d) is not justified, though, because he cannot show "how a continuance would enable [him] to present" evidence that would create a genuine issue of material fact.  *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005) (quoting *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719-20 (5th Cir. 1999)).  Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

In assessing whether to grant this type of request, a court must consider "'whether the evidence requested would affect the outcome of a summary judgment motion.'"  *Clark v. Wright Nat'l Flood Ins. Co.*, 2020 WL 4496521, at *5 (5th Cir. Aug. 4, 2020) (quoting *Smith v. Reg'l Transit Auth.,* 827 F.3d 412, 423 (5th Cir. 2016)).

---

[18] R. Doc. 22-4 at 2-5.
[19] *Id.*
[20] R. Doc. 1-1.
[21] R. Doc. 27-3 at 2-5.

5

Davidson asserts that he needs additional time to "conduct discovery concerning the interest calculation submitted by the Government"[22] because, he says, he has "no way of ascertaining how the interest sought was calculated other than by reference to the underlying Promissory Note" and his "proposed discovery focuses on this issue alone."[23]   But the promissory note itself explains how interest on the note is calculated.[24]   Further, the U.S. Department of Education's certificate of indebtedness (which the government attached to its complaint) outlines how that interest formula is specifically applied to Davidson's debt.[25]   Thus, this information has long been available to Davidson, including both when the government filed its motion for summary judgment and when Davidson tardily filed its opposition.   Additional discovery, then, will not affect the outcome of the summary-judgment motion since Davidson has pointed to no evidence or potential evidence that would further illuminate how the interest was calculated.   Therefore, an extension of discovery under Rule 56(d) is not warranted.

Consequently, on the summary-judgment record before the Court, the government is entitled under the applicable law to a money judgment in the amount of $151,944.94, representing the promissory note's principal of $94,652.59 and prejudgment interest of $57,292.35 calculated under the formula set out in the note, as limited by the suspension prescribed by the CARES Act.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that defendant Javar K. Davidson's motion to set aside judgment and for permission to file opposition to motion for summary judgment, construed as a motion for

---

[22] *Id.* at 2.
[23] *Id.* at 5.
[24] R. Doc. 22-4 at 5.
[25] R. Doc. 1-1.

reconsideration, is DENIED, although in doing so, the Court has considered the merits of Davidson's opposition to the government's summary-judgment motion.

IT IS FURTHER ORDERED that a money judgment be entered against Davidson in the amount of $151,944.94, representing principal of $94,652.59 plus prejudgment interest of $57,292.35, together with post-judgment interest and costs of these proceedings.

New Orleans, Louisiana, this 10th day of September, 2020.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE